DAUKSCH, Judge.
This is an appeal from a judgment in a commercial banking case. Appellant was a clearing bank for a Tennessee construction company which was working on a Brooksville hospital. The local providers of services and supplies to the construction company would *199 cash or deposit checks of the company, written on the company’s Tennessee bank account, in appellant bank. The cheeks were then sent by usual banking channels to the Tennessee bank for payment back to the clearing bank, appellant.
An employee of the construction company caused false and forged checks to be written to nonexistent employees of the construction company and then deposited in appellant bank to the credit of the embezzling employee. Appellee is the subrogated insurer of the construction company which was cheated by its employee. Appellee sued appellant to recover the money stolen from the construction company by the employee alleging that it was liable for conversion under section 673.419(l)(c), Florida Statutes (1989), was guilty of “bad faith in handling items” and was guilty of negligence in its handling of the cheeks.
The problem in the case is the jury verdict has two fatally inconsistent interrogatories:
2. Was there negligence on the part of Defendant, Sunbank and Trust Company of Brooksville, which was a legal cause of the damage sustained by the Plaintiff, Transcontinental Insurance Company, as Subrogee of Rock City Mechanical, Inc.? YES NO X
6. State the percentage of any negligence, which was a legal cause of damage sustained by the Plaintiff, Transcontinental Insurance Company, as Subrogee of Rock City Mechanical, Inc., that you charge to: Sunbank and Trust Company of Brooksville 20%
Rock City Mechanical, Inc. 80%
Total must be 100%
Because the jury first found that appellant was not guilty of negligence in its transaction, it could not then assess a percentage of the damages against appellant.
The same problem arises from the allegation of statutory conversion and the jury’s interrogatory verdict. On the one hand the jury found that the bank “converted” the cheeks when it accepted them for deposit and then, on the other hand, found that the bank acted in good faith in accepting the checks for deposit. The statute provides:
673.419 Conversion of instrument; in-noeent representative.—
[[Image here]]
(3)Subject to the provisions of this code concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.
Although appellant had objected to the jury verdict form, the court submitted the form anyway. Thus, the error was preserved for our review. Because the jury’s interrogatory verdicts are fatally inconsistent it was error for the trial court to have entered judgment and we must reverse the judgment. We need not discuss the issues involving whether a collector bank can be held responsible under the conversion statute. The judgment is reversed.
REVERSED.
THOMPSON and ANTOON, JJ., concur.